**Affirmed and Majority Opinion and Concurring and Dissenting Opinion filed March 17, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00672-CV

---

**WILLIAM CASEY FOX, Appellant**

**V.**

**THOMAS JESSE FOX, INDEPENDENT EXECUTOR OF THE ESTATE OF FRED K. FOX, Appellee**

---

**On Appeal from the Probate Court No. 1**
**Travis County, Texas**
**Trial Court Cause No. C-1-PB-10-001530**

---

## CONCURRING AND DISSENTING OPINION

The probate court dismissed Casey's lawsuit for lack of subject matter jurisdiction because it involved real property in Louisiana. The majority affirms the probate court's order as to all of Casey's claims. I agree with the majority's disposition affirming the probate court's order dismissing Casey's claims for breach of warranty, reformation, and declaratory judgment on ground one. However, I would reverse the probate court's order with regard to Casey's declaratory judgment

1

claim on ground two and remand the case to the probate court for further proceedings. Therefore, I concur in this court's judgment in part and respectfully dissent in part.

Casey argues his "lawsuit does not raise a naked question of title" and that he does not seek to quiet title because "the Louisiana court has already done that." Instead, he contends his "claims involve issues related to a Texas decedent's lifetime actions undertaken in Texas, the decedent's intentions, a warranty given by the Decedent, and the enforcement of Casey's rights against Fred's estate."

Texas courts may not adjudicate title to land in another state or country because they do not have subject matter jurisdiction over property outside the state. *Erkan v. Erkan*, No. 03-14-00148-CV, 2015 WL 8592693, at *3 (Tex. App.—Austin Dec. 8, 2015, pet. denied) (mem. op.) (quoting *Trutec Oil & Gas, Inc. v. W. Atlas Int'l, Inc.*, 194 S.W.3d 580, 583 (Tex. App.—Houston [14th Dist.] 2006, no pet.)). "Texas courts may, however, compel a party over whom it has jurisdiction to execute a conveyance of a real property interest situated in another state." *Id.* (quoting *Kelly Oil Co. v. Svetlik*, 975 S.W.2d 762, 764 (Tex. App.—Corpus Christi 1998, pet. denied)). The key jurisdictional question is whether the cause before the court involves a "naked question of title." *Id.*

In determining whether a lawsuit involves the adjudication of title, we are not limited to the plaintiff's framing of the claims in his pleadings. *Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 647 (Tex. App.—Austin 2008, no pet.). Regardless of the plaintiff's characterization, if the "gist" of a claim is an adjudication of title, a court does not have jurisdiction over the claim. *Id.* "If the right of recovery in a suit depends, at least in part, upon the title to land, but there is no real dispute between the parties over the question of title, the question of title is incidental." *Id.* at 648.

2

In his live petition, Casey pleaded for "declaratory relief" on two separate grounds as follows:

Count One - Suit for Declaratory Relief

12.     Thomas Jesse Fox, Independent Executor of the Estate of Fred K. Fox, Deceased has contested the Warranty Deed due to a technical defect and has refused to correct or reform the technical defect.

13.     Plaintiff requests that the Court declare that the Warranty Deed conveyed all of Fred K. Fox's interest in the Property to Plaintiff William Casey Fox as of the date of the Warranty Deed. Alternatively, Plaintiff requests that the Court declare that the Warranty Deed functioned as an expression of Fred K. Fox's testamentary intent and that the Property vests from the estate to Plaintiff.

The first ground, even liberally read, is essentially a request to adjudicate title to the Louisiana property anew and thus involves a "naked question of title." The pleading affirmatively negates the existence of subject matter jurisdiction, and the probate court correctly dismissed Casey's declaratory judgment claim on the first ground. *See Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018) (if pleadings affirmatively negate the existence of jurisdiction, the plea may be granted and the suit dismissed without allowing an opportunity to amend). Therefore, I agree with the majority's disposition affirming the probate court's order dismissing Casey's declaratory judgment claim on ground one.

However, Casey's second ground for declaratory relief at its core is not asking the court to adjudicate title to the Louisiana property and Casey is not disputing the Louisiana property is owned by Fred's estate. Liberally reading the pleadings in Casey's favor as we are instructed to do and considering Casey's response to the plea to the jurisdiction, he is asking the probate court for a declaration of Fred's testamentary intent and his rights with respect to Fred's estate. Casey seemingly requests the court to determine how the Louisiana property (being a part of Fred's

3

estate) should be distributed in accordance with Fred's testamentary intent and will as provided in Texas Civil Practice and Remedies Code sections 37.004(a), 37.005(1), (3),[1] and Texas Estates Code sections 31.001(4), (6), (7), 31.002(c)(2), 32.001.[2] The probate court has jurisdiction to hear all probate proceedings and matters related to a probate proceeding. *See* Tex. Est. Code Ann. §§ 31.001, 31.002, 32.001.

Casey's pleading regarding the second ground for declaratory relief does not affirmatively negate the probate court's jurisdiction. Casey should be afforded an opportunity to amend his pleading with regard to this ground to affirmatively demonstrate the probate court's jurisdiction by alleging sufficient facts that he is seeking declaratory relief as to how the Louisiana property in Fred's estate should be distributed in accordance with Fred's testamentary intent and will.

Thus, I would conclude the probate court erred by dismissing Casey's declaratory judgment claim on this ground for lack of subject matter jurisdiction. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is true that a plaintiff deserves 'a reasonable opportunity to amend' unless the pleadings affirmatively negate the existence of jurisdiction."); *Hegar v. EBS Solutions, Inc.*, 549 S.W.3d 849, 864 (Tex. App.—Austin 2018, pet. granted) (remanding to allow appellee opportunity to amend pleadings that had not affirmatively negated possible existence of jurisdiction).

/s/     Meagan Hassan
Justice

Panel consists of Justices Wise, Jewell, and Hassan. (Jewell, J., majority).

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.004(a), 37.005(1), (3).

[2] *See* Tex. Est. Code Ann. §§ 31.001(4), (6), (7), 31.002(c)(2), 32.001.